PARKER SCHWARTZ, PLLC
7310 NORTH 16TH STREET, SUITE 330
PHOENIX, ARIZONA 85020
MAIN LINE: (602) 282-0477
FACSIMILE: (602) 282-0478
E-MAIL: LHIRSCH@PSAZLAW.COM
JARED G. PARKER (#006428)
BYRON H. FORRESTER (#033877)
ATTORNEYS FOR DEBTOR

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>TITIAN CLEANING, LLC,<br><br>DEBTOR. | Proceedings Under Chapter 11, Subchapter V<br><br>Case No. 2:26-bk-10785-EPB<br><br>**DECLARATION OF IVAN ROYAL IN SUPPORT OF DEBTOR'S FIRST DAY MOTIONS** |

I, Ivan Royal, being first duly sworn, depose and say under penalty of perjury:

1. I am a resident of the State of Arizona and reside in Maricopa County.

2. I am the member and manager of Titian Cleaning LLC, an Arizona limited liability company (**"Debtor"**), and I serve as its President.

3. I submit this declaration (**"Declaration"**) in connection with the Debtor's voluntary petition for relief under chapter 11 of title 11 of the United States Code, filed in the United States Bankruptcy Court for the District of Arizona on October 22, 2026 (the **"Petition Date"**), and to support the Debtor's applications and motions for "first day" relief.

4. I am familiar with the business and financial condition of the Debtor. Except as otherwise indicated, the facts set forth in this Declaration are based on my personal knowledge, my review of relevant documents, or information provided to me by the

Debtor's professionals. If called upon to testify, I would testify competently to the facts set forth herein.

## I. THE DEBTOR AND ITS BUSINESS OPERATIONS

### A. Nature of Debtor's Business.

5. Debtor operates a commercial janitorial and building-cleaning services business as a franchisee of OMEX International pursuant to a franchise agreement. Debtor provides cleaning and related services to commercial customers in Arizona, and previously also provided services to commercial customers in Louisiana.

6. Debtor's Louisiana operation ceased providing services in May of 2026 due to the financial issues described below, and Debtor shut down the Louisiana operation entirely during the first week of October 2026.

### B. Corporate Formation and Structure.

7. Debtor is a limited liability company formed under the laws of the State of Arizona and authorized to transact business in Arizona and Louisiana. I am the member and manager of Debtor.

8. Debtor has conducted business since at least 2017, and has also used the trade name "OMEX International." Debtor's Employer Identification Number ends in 4988.

9. Debtor operates from its principal place of business at 537 S. 48th Street, Suite 104, Tempe, Arizona 85281 (leased from G.W. Williams Co.), and has leased a second operating location at 1508 Edwards Avenue, Suite GG, Harahan, Louisiana 70123.

10. Debtor employs approximately 34 employees across its Arizona and Louisiana operations..

11. I am the Authorized Representative of Debtor for all matters related to this bankruptcy case.

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

### C. Prepetition Indebtedness.

12. Debtor's senior secured obligation is a Revolving/Installment Note dated August 17, 2021, in the maximum principal amount of $350,000.00, made by Debtor in favor of Comerica Bank (now Fifth Third Bank, N.A., as successor by merger to Comerica Bank, **"Comerica/Fifth Third"**), and guaranteed by me and my wife, Aimee Royal. The Note is secured by a Security Agreement dated August 17, 2021, granting Comerica/Fifth Third a lien on substantially all of Debtor's business assets, perfected by the recorded financing statement(s) described in the Cash Collateral Motion filed contemporaneously with this Declaration.

13. As of July 28, 2026, Comerica/Fifth Third asserted a balance of approximately $371,647.83.

14. Over time, and as its cash flow tightened, Debtor obtained a series of merchant cash advances (**"MCAs"**) from parties including Mantis Funding, Capitawize, Spring Funding, and Ace Recovery/BridgeLift Capital. These MCAs required daily or weekly ACH debits from Debtor's deposit accounts, and in the aggregate consumed a substantial portion of Debtor's revenues each month. The ongoing MCA obligations ultimately deprived Debtor of the cash flow necessary to run its operations.

15. Debtor also has obligations relating to the financing of vehicles and equipment used in the business (including obligations to Ascentium Capital and lenders financing Debtor's Ford vehicles), a charged-off line of credit with OnDeck, an obligation relating to an advance against an employee retention credit, business credit card balances (American Express, U.S. Bank, and a Comerica Mastercard), and past-due franchise royalty obligations to OMEX International.

16. Debtor has also fallen behind on certain insurance obligations, including a workers' compensation premium audit balance owed to AmTrust/Milford Casualty

Insurance Company and amounts owed in connection with coverage placed through NIP Group, both of which have been referred for collection.

## II. CIRCUMSTANCES LEADING TO BANKRUPTCY

17. It is my belief that Debtor's business is operationally viable and, before the events giving rise to this bankruptcy filing, it generated positive margins. However, the aggregate burden of daily and weekly MCA debits, together with the Debtor's other debt service, now exceeds the Debtor's available cash flow, leaving the Debtor unable to meet all of its obligations as they came due.

18. In or about April of 2026, Litchfield Elementary School District, one of Debtor's largest customers, awarded its janitorial services contract to a competing bidder and ceased doing business with Debtor. Debtor's contract with Litchfield Elementary School District had generated approximately $70,000.00 per month in revenue, and its loss eliminated approximately $70,000.00 of Debtor's monthly gross revenue.

19. At around the same time, in or about June of 2026, the Arizona Department of Economic Services elected not to renew five additional contract accounts serviced by Debtor. Those five accounts together generated approximately $15,000.00 per month in revenue. Within a matter of weeks, Debtor therefore lost approximately $85,000.00 in aggregate monthly revenue.

20. Debtor was unable to replace this lost revenue on short notice. The loss of the Litchfield Elementary School District account and the five Arizona Department of Economic Services accounts, together with the daily and weekly ACH debits required by the MCAs described above, is what caused Debtor's financial difficulties and ultimately necessitated this filing.

21. Comerica/Fifth Third had extended a period of forbearance on the senior loan. Following expiration of that forbearance, on or about July 30, 2026, Comerica/Fifth Third, through counsel, declared a default, accelerated the loan, terminated the line of

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

credit, and demanded surrender of Debtor's business assets, threatening a Uniform Commercial Code sale of the business assets and a writ of replevin to repossess them. That acceleration and threatened seizure of Debtor's operating assets is the immediate event precipitating this filing.

22. Beginning on the evening of October 21, 2026, the day before the Petition Date, Comerica/Fifth Third froze the Debtor's operating account ending in 2381 and attempted to set off the entire balance of that account, $24,815.48, against its loan. Those events are described more fully below.

23. Debtor's creditors have also commenced collection litigation. ODK Capital, LLC, which does business as "OnDeck," commenced an action against Debtor and me, as guarantor, in the Third Judicial District Court, Salt Lake County, State of Utah, Case No. 269924207, asserting claims for breach of contract and breach of guaranty arising out of a Business Line of Credit Agreement dated December 21, 2023.

24. The OnDeck complaint, which is dated August 26, 2026, alleges that OnDeck wrote off and accelerated the balance of the line of credit on or about March 9, 2026, and seeks judgment against Debtor and me, jointly and severally, in the principal amount of $74,316.00, plus pre-judgment interest and attorneys' fees and costs.

25. Most recently, by letter dated July 9, 2026, Ace Recovery Group LLC, acting as the authorized collection agent for BridgeLift Capital, issued a "UCC Lien Notice and Notice of Power of Attorney" to Debtor's account debtors, including the State of Arizona, which was received by the State of Arizona General Accounting Office on July 13, 2026.

26. The Ace notice asserts a balance due to BridgeLift Capital of $25,685.63 from BridgeLift's purchase of 25% of Debtor's total future accounts receivable up to the sum of $29,980.00. The notice then directs Debtor's account debtors to remit all sums otherwise owed to Debtor directly to Ace Recovery Group until the sum of $25,685.63 has been paid pursuant to §§ 9-406 and 9-607 of the Uniform Commercial Code.

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

27. Debtor's accounts receivable from its commercial and governmental customers are the source of substantially all of Debtor's operating cash. If Debtor's account debtors honor the Ace Recovery Group notice and redirect payments away from Debtor, Debtor will be deprived of the operating cash it requires to fund payroll for its approximately thirty-four employees and to pay the ordinary operating expenses of the business, and Debtor will be unable to continue operating.

## III. OCTOBER 23, 2026 SALE OF COMPANY VEHICLES

28. On the morning of October 23, 2026, I sold two vehicles owned by Debtor to CarMax: a 2021 Nissan NV200 SV, VIN ending in 696819, for $10,000.00, and a 2021 Nissan NV200 SV, VIN ending in 698381, for $11,000.00, for total proceeds of $21,000.00.

29. No lien was noted on the certificate of title for either vehicle.

30. I sold the vehicles to ensure that Debtor would have funds available to meet its October 23, 2026 payroll in the event Comerica/Fifth Third does not return the $24,815.48 that it froze and attempted to set off from Debtor's operating account.

31. My goal in selling the vehicles was to avoid the irreparable harm to Debtor that would result if its employees went without pay.

## IV. THE DEBTOR'S REORGANIZATION

32. Debtor filed this Subchapter V case with the intention of reorganizing its financial affairs, restructuring its debts, and preserving its business and the jobs of its approximately thirty-four employees.

33. Debtor anticipates that the merchant cash advance parties and other lenders junior to Comerica/Fifth Third (which itself may be undersecured) will be determined to be unsecured creditors pursuant to Section 506 of the Bankruptcy Code.

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

34. Debtor also intends to seek out new service contracts in Arizona in order to restore the revenues lost from Litchfield Elementary School District and the Arizona Department of Economic Services.

35. Debtor anticipates timely filing a Plan of Reorganization that will provide a return to unsecured creditors funded by post-petition net disposable income.

## V. EVIDENTIARY SUPPORT FOR FIRST DAY MOTIONS

36. To enable the Debtor to operate effectively and minimize adverse effects during this Case, the Debtor is requesting certain "first day" relief (collectively, the **"First Day Motions"**). I am familiar with the contents of each First Day Motion and believe the relief sought is necessary to preserve and maximize the value of the estate, essential to a successful reorganization, and in the best interests of the Debtor, its estate, and its creditors.

### A. Cash Collateral Motion.

37. The Debtor filed its Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Scheduling a Final Hearing, and (IV) Granting Related Relief (the **"Cash Collateral Motion"**) contemporaneously with this Declaration.

38. Immediately before the transfer described below, the Debtor's operating account at Comerica/Fifth Third held approximately $24,815.48, all of which Comerica/Fifth Third has frozen and attempted to setoff against the debt by transfer. . The Debtor lacks sufficient funds to support its continued operations unless it is authorized to use Cash Collateral. Without prompt access to Cash Collateral, the Debtor will be unable to satisfy payroll for its approximately thirty-four employees, pay trade obligations and business expenses incurred in the ordinary course, or fund the administration of this case, causing immediate and irreparable harm.

39. I assisted in the preparation of the cash-flow budget attached to the Cash Collateral Motion as Exhibit B. That budget is derived from the Debtor's books and records

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

and, in my belief, includes the reasonable, necessary, and foreseeable expenses of operating the Debtor's business during the budget period. Once the daily and weekly MCA debits are stayed, the Debtor's operations generate sufficient cash flow to fund operations and to provide adequate protection to Comerica/Fifth Third.

40. Immediate and irreparable harm would result if the relief requested in the Cash Collateral Motion is not granted on an interim basis pending a final hearing.

**B. Utilities Motion.**

41. The Debtor also filed its Motion for Interim and Final Orders Establishing Adequate Assurance of Payment for Future Utility Services Pursuant to 11 U.S.C. § 366(c) (the **"Utilities Motion"**) contemporaneously with this Declaration. The Debtor's business cannot function without electricity, telephone, and internet service at its Premises. The Debtor proposes to satisfy post-petition obligations to its Utility Providers in the ordinary course and submits that this, together with its available cash flow, constitutes adequate assurance under 11 U.S.C. § 366.

**C. Motion to Enforce the Automatic Stay.**

42. The Debtor also filed its Emergency Motion for Order (I) Enforcing the Automatic Stay Against Fifth Third Bank, N.A. and Compelling Turnover of $24,815.48, or, in the Alternative, (II) Avoiding and Recovering Setoff Under 11 U.S.C. § 553(b) (the "Stay Motion") contemporaneously with this Declaration.

43. The Debtor maintains its operating account at Comerica/Fifth Third, a business checking account ending in 2381 (the "Account"). The Debtor's customer receipts and payroll run through the Account.

44. On October 21, 2026, a deposit of $6,093.48 from the State of Arizona was credited to the Account.

45. Comerica/Fifth Third generated a transaction receipt, Tran # 69628702, dated 7:25:34 p.m. Eastern Daylight Time on October 21, 2026 (4:25:34 p.m. Arizona

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

time), reflecting a transfer of $24,815.48 from the Account to Comerica/Fifth Third's commercial loan account. The receipt lists an effective date of October 22, 2026. The amount transferred equals the entire balance of the Account after the October 21, 2026 State of Arizona deposit. A true and correct copy of the receipt is attached to the Stay Motion.

46. The Debtor did not authorize the transfer. Neither I nor anyone else acting on the Debtor's behalf requested, consented to, or approved it.

47. At approximately 2:07 p.m. Arizona time on October 22, 2026, after the Debtor's petition had been filed, I photographed the Account's online banking page as it appeared on my computer screen. The page showed the $24,815.48 "Funds Transfer" under the heading "PENDING." The system clock in the lower-right corner of the screen displayed the date and time the photograph was taken. A true and correct copy of the photograph is attached to the Stay Motion.

48. At 2:09:34 p.m. on October 22, 2026, I emailed the photograph to the company's lawyers.

49. The same online banking page showed an available balance of negative $1,000,000.00. Since the Petition Date, the Debtor has been unable to access or use any funds in the Account, including funds deposited after the Petition Date.

50. The Account statements attached to the Stay Motion are true and correct copies of statements the Debtor received from Comerica/Fifth Third in the ordinary course of its business. As reflected in those statements, the Account balance was $64.29 on July 23, 2026, and $26.29 on July 24, 2026, after a $38.00 returned-item fee. The July 24, 2026 balance was the lowest balance in the Account that month.

51. The Debtor made no payments on the Comerica/Fifth Third loan between July 24, 2026 and the Petition Date.

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

52. The Debtor funds payroll of approximately $25,000.00 every two weeks by wire from the Account to its payroll processor. The Debtor's next payroll, in the amount of $24,722.36, is due on October 23, 2026. Without immediate access to the funds in the Account, the Debtor will miss payroll, lose employees and customer contracts, and lose its ability to reorganize.

**VI. CONCLUSION**

53. I believe that the protection of the Bankruptcy Court will enable the Debtor to maximize the value of its assets for the benefit of the Debtor's estate and its creditors.

54. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of October, 2026.

By: /s/ *Ivan Royal*
Ivan Royal
*Member / Manager, Titian Cleaning LLC*

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020

**E-FILED** on the 23rd day of October, 2026 with the U.S. Bankruptcy Court and copies served via ECF notice on all parties that have appeared in the case.

**COPY** emailed the same date to:

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, Arizona 85003

Larry L. Watson on behalf of U.S. Trustee
U.S.TRUSTEE
larry.watson@usdoj.gov

Martin Tucker
Dinsmore
martin.tucker@dinsmore.com
*Counsel for Fifth Third Bank*

Mantis Funding
esalguero@mantisfunding.com

Capitawize
info@capitawize.com

Ace Recovery
jonathan@acerecoverygrp.com

Spring Funding
admin@springfund.net

*/s/ Andrea Echter*

PARKER SCHWARTZ, PLLC
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020